The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except as to the minor modifications contained herein.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. The plaintiff is a 50-year-old male with no more than a fourth grade education, unable to read or write, with an employment history of working on a farm until he was 18 years old, and thereafter has been employed for all his adult life in manual labor-type employment.
2. In an Opinion and Award filed May 15, 1992, Deputy Commissioner John Charles Rush found the plaintiff to be totally disabled and that he be paid compensation at the rate of $143.89 per week until such time as he returns to work, experiences a change of condition, or until further order of the Commission.
3. Plaintiff suffers from chronic phlebitis and has suffered from chronic phlebitis for several years and that such phlebitis was exacerbated by his compensable injury of February 22, 1989.
4. In addition to the plaintiff's chronic phlebitis, he is also postoperative for a herniated disc at L5-S1 in 1976, for which he has permanent partial disability to the back of 12 percent to 15 percent, has bilateral arthritis in the ankles, and postbilateral carpal tunnel syndrome.
5. Plaintiff had restrictions of no prolonged standing, limited crouching and stooping, no climbing, elevation of the left leg periodically during the day, and no truck driving.
6. Plaintiff has 40 percent permanent partial disability of the left leg and 15 percent disability to the right leg.
7. It was the opinion of Dr. Lamont Wooten, to whom the plaintiff was tendered for an evaluation, that as of December 14, 1989, the only time that Dr. Wooten had seen the plaintiff prior to 1992, was that the plaintiff could continue working in his job as a construction carpenter and that the plaintiff's partial disabilities would not be all-incapacitating in that he would still be able to be productive in the right setting.
8. The defendants referred plaintiff back to Dr. Wooten who, in an office note dated December 20, 1992, found no significant changes since he had rated him before.
9. Plaintiff has been sent to numerous interviews by the rehabilitation specialists employed by the defendant, and he has cooperated to some extent, if not perfectly, with the rehabilitation specialist for Crawford Company as well as Mr. Zimmerman, who works for the Employment Security Commission of North Carolina.
10. The defendants have made minimal attempts to find suitable jobs within the limitations prescribed by Dr. McGirt, defined by Deputy Commissioner John Charles Rush in his Opinion and Award, and within the limitations set forth in the physical capacity evaluation of Eastern Carolina Physical Therapy Associates.
11. The defendants have not shown that the plaintiff is capable of earning wages nor have they shown that suitable jobs are available to the plaintiff and that he is capable of getting one taking into account both physical and vocational limitations.
12. The Form 24 should not have been approved by the Commission on July 22, 1993.
13. The undersigned have reviewed the video tapes and a log of activities undertaken by an investigator, one Chris Baggett, and the undersigned finds that such tapes and logs contain no credible or convincing evidence to support the defendant's contentions that the plaintiff is able to and has, in fact, worked for wages.
14. Plaintiff is entitled to temporary total disability payments from the date of the approval of the Form 24 by the Commission on July 22, 1993.
15. Plaintiff does not have a valid driver's license, despite videotape of his driving which would obviously not be encouraged in light of his unlicensed status. Plaintiff should make every reasonable effort to obtain a license, and he shall immediately notify defendants so that his driving ability will be noted for assisting rehabilitation. The defendants have tendered no assistance to the plaintiff in the way of mileage payments or transportation in the pursuit of employment.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has cooperated to some extent and must continue to cooperate in all employment efforts tendered to him by the defendants.
2. The defendants have failed to show that any job was offered to the plaintiff within the restrictions set forth by Dr. McGirt, or in the restrictions found in the Opinion and Award of Deputy Commissioner John Charles Rush or within the limitations of the evaluation by Eastern Carolina Physical Therapy Associates, Ltd., nor have they shown that the plaintiff has had a change in condition since the Opinion and Award entered by Deputy Commissioner Rush.
3. The defendants have failed to show that any work is available within the limitations and restrictions on the plaintiff.
4. The defendants have sent the plaintiff to job interviews and applications for employment for jobs which were not within the limitations set by the Industrial Commission, Dr. McGirt and the physical capacity evaluation.
5. The defendants have made no effort to provide transportation to the plaintiff for the job activities.
6. Plaintiff is entitled to temporary total disability compensation payments which were suspended by Order of the Commission in a Form 24 dated July 22, 1993 and continuing thereafter until Order of the Commission, subject to an attorney's fee as hereinafter set forth.
7. Plaintiff is entitled to be seen on a periodic basis by a competent medical provider.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. The Form 24 which was approved by the Commission on July 22, 1993 is hereby SET ASIDE.
2. The defendants shall pay to the plaintiff compensation for temporary total disability at the rate of $143.89 per week from the date compensation was suspended by the Commission on July 22, 1993 and continuing until such time as the plaintiff experiences a change in condition or until further Order of the Commission. Such compensation has accrued and shall be paid to plaintiff in a lump sum, subject to counsel fee as hereinafter provided.
3. The defendant shall pay all medical and hospital expenses incurred as a result of the injury by accident giving rise hereto when bills for same have been submitted to and approved by the North Carolina Industrial Commission.
4. The defendants shall tender to the plaintiff continuing medical treatment by Dr. Wooten or any other orthopedic doctor at the Eastern Orthopedic Associates, Greenville, North Carolina, as such treatment is needed. Defendants shall also tender plaintiff to the Eastern Orthopedic Associates for an evaluation to determine if continuing vocational rehabilitation services are appropriate before resuming such services.
5. A counsel fee in the amount of 25 percent of the compensation now payable to the plaintiff is hereby approved for plaintiff's counsel, and such amounts shall be deducted from the compensation now due the plaintiff and paid directly to plaintiff's counsel, and thereafter, every fourth weekly compensation check shall be paid directly to counsel.
6. Defendant shall pay the costs.
* * * * * * * * * * *
ORDER
1. The Form 24 submitted by defendants on June 6, 1995 to stop payment to plaintiff is hereby transferred to the Executive Secretary's office to the ruled upon in due course.
2. Plaintiff's motion for attorney's fees is HEREBY DENIED.
FOR THE FULL COMMISSION
 S/ _____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________ J. RANDOLPH WARD COMMISSIONER
CMV/cnp/mj 7/19/95